(75 App. Div. 412.)

### OLEAN ST. RY. CO. v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department.  October 14, 1902.)

1. RAILROADS—CROSSINGS—COMMISSIONERS—TEMPORARY CROSSING—STATUTES.

Railroad Law (Laws 1890, c. 565) § 12, provides that when a railroad is to be intersected by a new road, and the corporations cannot agree on the grade, compensation, or intersection, commissioners to determine the same shall be appointed by the supreme court. Laws 1893, c. 239, provides that, when a petition has been made for the appointment of commissioners, the court may authorize a temporary crossing. Laws 1897, c. 754, as amended by Laws 1900, c. 739, enacts that all steam railroads and street surface railroads thereafter crossing a steam railroad shall be above, below, or at grade of such existing railroad, as the board of railroad commissioners shall determine; and such board shall fix the proportion of expense to be paid by each railroad. *Held*, that Laws 1897, c. 754, as amended, does not by implication wholly repeal Railroad Law, § 12, nor repeal Laws 1893, c. 239, and oust the supreme court of all jurisdiction as to railroad crossings, but merely gives to the railroad commissioners the power to determine the manner of the crossing; and the court may order a temporary crossing under Laws 1893, c. 239.

Appeal from special term, Erie county.

Petition by the Olean Street Railway Company against the Pennsylvania Railroad Company and another for an order permitting a temporary laying of tracks across tracks of defendants. From an order granting the petition, defendants appeal. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Frank Rumsey, for appellants.
William L. Marcy, for respondent.

McLENNAN, J.  This proceeding was commenced on the 27th day of June, 1902, by the service of respondent's petition for the purpose of having appointed commissioners pursuant to section 12 of the railroad law, to determine the amount of compensation to be paid by the respondent to the appellants for a crossing of their railroad in the town of Portville, in the county of Cattaraugus, and to determine the line or lines, grade or grades, and point or manner of intersection of one railroad by the other. The appellants duly filed an answer to the petition, putting in issue the material allegations thereof, and such issues were, by order of the court, duly referred to a referee for trial and determination, and are as yet undetermined by such referee. Thereafter, and on the 10th day of July, 1902, the respondent applied to the special term for an order permitting it temporarily to lay its tracks across the tracks of the appellants' railroad at a highway in the town of Portville, in the county of Cattaraugus, which application was based upon chapter 239 of the Laws of 1893. The respondent's application was granted, and the order appealed from made, which permitted such temporary crossing. There can be no question but that the order, so far as it involved the discretion of the court below, fully protected the rights of the appellants and of the public. The only

question presented upon this appeal is whether or not the court below had the power or authority to make the order appealed from.

It is insisted that chapter 754 of the Laws of 1897, as amended by chapter 739 of the Laws of 1900, repealed chapter 239 of the Laws of 1893, which is the only authority for making the order in question. Chapter 754 of the Laws of 1897, as amended, provides:

"All steam railroads hereafter constructed across the tracks of any other railroad, and any street surface railroad hereafter constructed across a steam railroad, shall be above, below or at grade of such existing railroad as the board of railroad commissioners shall determine, and such board shall in such determination fix the proportion of expense of such crossing to be paid by each railroad."

The contention of the respondent is that this section ousted the supreme court of jurisdiction to provide for even a temporary crossing by one railroad of another under section 1 of chapter 239 of the Laws of 1893. In other words, that all questions relating to the physical crossing of one road by another were placed wholly within the power and jurisdiction of the railroad commissioners. It is apparent that section 12 of the railroad law was not wholly repealed by the section quoted, because under that section the commissioners appointed as therein provided are to determine the amount of compensation to be paid by the railroad company seeking the crossing, and they are also to determine the point of crossing. By the express provisions of chapter 754 of the Laws of 1897, as amended, the board of railroad commissioners has no power or authority to determine those questions. It would seem quite plain that it was not the intention of the legislature to repeal section 1 of chapter 239 of the Laws of 1893. That provision was enacted for the purpose of avoiding the inconvenience, and often hardship, which would frequently result from long delays incident to the final determination by the commissioners of the issues submitted to them under section 12 of the railroad law; and chapter 754 of the Laws of 1897, as amended, would in no manner tend to prevent such delays, and thus avoid the necessity of the statute. Even if the manner of crossing, whether above, below, or at grade, should be finally determined by the board of railroad commissioners to the satisfaction of both railroads, the company seeking to acquire the right to cross the railroad of another company would not necessarily have any right so to do, because the question of compensation might yet be undetermined, and the only manner in which that question could be determined is pursuant to the provisions of section 12 of the railroad law, and the final determination of that question might easily involve quite as great delay as the question of the manner of crossing. As we have seen, chapter 239 of the Laws of 1893 was apparently enacted for the very purpose of avoiding such delays. Chapter 754 of the Laws of 1897, as amended by chapter 739 of the Laws of 1900, clearly has reference to a permanent crossing of one railroad by another, and the commissioners appointed by the supreme court under section 12 of the railroad law have now no jurisdiction over that question, but they still have jurisdiction and are the only tribunal which has the power to determine the

compensation to be paid by the railroad seeking the right or privilege of crossing the tracks of another. Under chapter 754 of the Laws of 1897, as amended, the board of railroad commissioners have only the power to determine the manner of crossing at a point agreed upon or fixed by the commissioners appointed under section 12 of the railroad law. The commissioners appointed under the latter provision have the power to determine the point or location of such crossing. It follows .that, if the contention of the learned counsel for the appellants is correct, upon application to the board of railroad commissioners they might determine the manner of such crossing, and the crossing be constructed at great expense, and, if commissioners were appointed under section 12 of the railroad law, they might determine that the location of the crossing should be different from the one at which it had been constructed, and all the expense incurred in making the crossing in accordance with the determination of the board of railroad commissioners would be for naught. We think the three statutory provisions adverted to are not in conflict, and that section 1 of chapter 239 of the Laws of 1893 is not inconsistent with chapter 754 of the Laws of 1897, as amended by chapter 739 of the Laws of 1900, and therefore was not repealed by it.

The board of railroad commissioners have the exclusive power and authority to determine the manner in which the permanent crossing of one railroad by another shall be made or constructed. The point at which such crossing shall be made, and the compensation which shall be paid by the company seeking such crossing, is still, as before, to be determined by commissioners appointed by the supreme court; and pending the determination of such commissioners the supreme court still has the power to authorize, under proper conditions, a temporary crossing. When such commissioners shall have determined the point of crossing and the compensation which must be paid by the company seeking the right, then it must be constructed in accordance with the determination of the board of railroad commissioners, and without reference to the method of constructing the temporary crossing under the direction and in accordance with the permission granted by the supreme court. It seems to us that the orderly and natural course of procedure in a case of this kind is to apply for the appointment of commissioners to determine the location of the proposed crossing, and the compensation to be paid therefor, pursuant to the provisions of section 12 of the railroad law, and then to make application to the board of railroad commissioners, under chapter 754 of the Laws of 1897, as amended, for their determination as to the character of the crossing to be constructed; for manifestly the location, lines, or angles of approaching the point of proposed crossing would materially affect, if not be controlling in, the proper decision of the question as to whether the crossing should be above, below, or at grade. Pending the determination of either or both of these proceedings, and to avoid the delay incident thereto, an application may properly be made to the special term of the supreme court for permission to lay and construct a temporary. crossing, pursuant

to section 1, c. 239, Laws 1893; and if, in the proper exercise of its discretion, the special term grants such permission, this court ought not to interfere. When all the preliminary questions are finally determined, and the right to a permanent crossing is established, the court has ample power to cause the temporary crossing to be discontinued, and all the appliances used in connection therewith, if they form no part of the permanent crossing, to be removed, and the premises restored to the condition in which they were originally. By the many provisions of the order appealed from tending to protect and guard the interests of the appellants, it is apparent that such were the views entertained by the learned court below. The conditions imposed as to the manner of crossing are so onerous as to clearly indicate that they were not intended to be permanent, but were simply intended to fully protect the interests of the appellant railroad companies and of the public until such time as the board of railroad commissioners should determine the manner in which the permanent crossing should be made. These views lead to the conclusion that the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

