(85 App. Div. 284.)

ONEONTA, C. & R. S. RY. CO. v. COOPERSTOWN & C. V. R. CO. et al.

(Supreme Court, Appellate Division, Third Department.   June 30, 1903.)

1. RAILROADS—CROSSINGS—PROCEEDINGS—NATURE.

A proceeding under Railroad Law (Laws 1890, p. 1082, c. 565, as amended by Laws 1892, p. 1382, c. 676) § 12, providing for the appointment of commissioners to determine the compensation to be paid by a railroad being constructed for the right to intersect an old road, and the point, grade, and manner of such intersection, if the corporations fail to agree thereon, is not one commenced or required by law to be conducted under the condemnation law, and hence the petition may be accompanied by an order to show cause returnable in less than eight days, the time required by Code Civ. Proc. § 3361, and section 780 gives the court or a judge thereof the power to make such orders returnable in such time.

2. SAME—SUFFICIENCY OF PETITION.

A petition in a proceeding under Railroad Law (Laws 1890, p. 1082, c. 565, as amended by Laws 1892, p. 1382, c. 676) § 12, for the appointment of commissioners to determine the compensation to be paid by a railroad for the right to intersect the track of other roads, and the point and manner of such intersection, which alleges that the petitioner is a corporation, that the route of its road as laid out crosses the other road; that it desires to intersect such road, specifying the place; that the two corporations cannot agree on the compensation for or the points or manner of such intersection; that the requisite consent of property owners and municipal authorities has been obtained; and that the road is in actual operation on both sides up to the point of the desired intersection—is sufficient to confer jurisdiction on the court to appoint commissioners.

3. SAME—DECISION BY RAILROAD COMMISSIONERS—EFFECT—TEMPORARY CROSSING.

A decision by the Board of Railroad Commissioners under Railroad Law, § 68, which gives such commissioners authority to determine whether a surface road shall cross a steam road above, below, or at grade, and to fix the proportion of the expenses for such crossing to be borne by each road, that a surface road shall cross a steam road at grade, and bear all the expenses connected with the crossing, does not bar an application by the surface road for an order of court for a temporary crossing.

4. SAME.

Laws 1893, p. 463, c. 239, § 1, which provides that when a petition has been made by a surface railroad desiring to cross another railroad for the appointment of commissioners to determine the grade, compensation, etc., for such crossing, the court may authorize a temporary crossing, was not repealed by Laws 1897, p. 794, c. 754, as amended by Laws 1900, p. 1590, c. 739 (Railroad Law, § 68), which provides that all steam and surface railroads thereafter crossing a steam railroad shall be above, below, or at grade of such existing road, as the Board of Railroad Commissioners shall determine, and that such board shall fix the proportion of expenses to be paid by each railroad.

5. SAME.

So far as Railroad Law (Laws 1890, p. 1082, c. 565, as amended by Laws 1892, p. 1382, c. 676) § 12, authorizes the appointment of commissioners to determine the amount of compensation to be paid by one railroad for the right to intersect another, and the manner of such intersection, it is not repealed by Laws 1897, p. 794, c. 754, as amended by Laws 1900, p. 1590, c. 739 (Railroad Law, § 68).

6. SAME—TEMPORARY CROSSING.

Where the order of court granting a surface railroad a temporary crossing over a steam railroad at a place where, by a decision of the Board of Railroad Commissioners, the surface road was to have a permanent grade crossing on compliance with certain conditions, required

the giving of a bond conditioned on the faithful performance of all con-
ditions that might be imposed by the board, it cannot be said that the
temporary crossing was permitted without compliance with the condi-
tions imposed by the decision of the board.

**7. SAME.**

In a proceeding by a surface railroad for the appointment of commis-
sioners to determine the compensation, etc., for a crossing over the track
of certain steam railroads, which the Board of Railroad Commissioners
had decided should be at grade, defendants consented in writing to per-
mit an engineer designated by the board to determine the point of inter-
section, without prejudice to other issues, after they had served answers
admitting that they refused to allow petitioner to comply with the board's
decision, and after an order to show cause why a temporary crossing
should not be granted had been served. *Held*, that the consent was
properly disregarded in granting the temporary crossing.

**8. SAME—APPEAL—REVIEW.**

An appeal from an order granting a railroad a temporary crossing over
the track of other railroads in a proceeding for the appointment of com-
missioners to determine the compensation, etc., for a permanent crossing,
is not an appeal from a final order, and therefore a specification in the
notice of appeal of an intention to bring up intermediate orders for review
is not effective for such purposes, as Code Civ. Proc. §§ 1301, 1358, relate
to appeals from final orders.

Appeal from Special Term, Otsego County.

Petition by the Oneonta, Cooperstown & Richfield Springs Rail-
way Company against the Cooperstown & Charlotte Valley Railroad
Company and the Cooperstown & Susquehanna Valley Railroad Com-
pany for the appointment of commissioners to determine the compen-
sation, etc., for a crossing. From an order granting a temporary
crossing, defendants appeal separately. Affirmed.

This is a special proceeding under section 12 of the railroad law (Laws
1890, p. 1082, c. 565, as amended by Laws 1892, p. 1382, c. 676), in which the
petitioner prays for the appointment of commissioners to ascertain and deter-
mine the amount of compensation to be made by the petitioner to the de-
fendants for the right to intersect the track of the defendants at grade upon
Chestnut street in the village of Cooperstown, and to fix the line or lines,
grade or grades, point or manner of such intersections and connections. The
petitioner is a street-surface railroad corporation operating its road by elec-
tricity from the village of Oneonta to the village of Richfield Springs through
the village of Cooperstown. The defendant the Cooperstown & Susquehanna
Valley Railroad Company is the owner of a single-track railway operated
from Cooperstown to Cooperstown Junction, a distance of about 16 miles,
and its railway is leased to the defendant the Cooperstown & Charlotte Val-
ley Railroad Company, who operates it as a steam railroad. The line of the
petitioner's electric road crosses the line of the defendant's steam road at
Chestnut street in the village of Cooperstown, as above stated, and all that
is necessary to make the track of petitioner's road a continuous one between
the village of Oneonta and the village of Richfield Springs is the construction
of about 50 feet of track across the single track of the defendants' railroad
where their lines cross at Chestnut street aforesaid. Without the construction
of such 50 feet, petitioner would be compelled to transfer all its passengers
going in either direction from a car on its track on one side of the defendants'
track to a car on its track on the other side of defendants' track, at great
expense to it and great inconvenience to the traveling public.

In June, 1902, the petitioner applied to the State Board of Railroad Com-
missioners under section 68 of the railroad law to determine whether the pe-
titioner's track should cross the defendants' track above, below, or at grade
of the steam railroad track. The defendant lessee appeared in opposition to
such application. After several hearings the board rendered a decision Oc-
tober 3, 1902, authorizing a crossing over appellant's track and roadbed at

grade, upon compliance with certain conditions mentioned in such decision. The decision of the Board of Railroad Commissioners was not appealed from. The petitioner alleges here that it has been unable to agree with the defendants or either of them upon the amount of compensation to be made for crossing their road, or upon the lines, grades, points, or manner of such intersection, and alleges that the defendants refuse to negotiate concerning the said intersection or otherwise, and refuse to allow the petitioner to carry out or comply with the decision of the said State Board of Railroad Commissioners. In the answer of the defendants each of them admits that it has refused and refuses to allow the petitioner to carry out or comply with the decision of the said State Board of Railroad Commissioners of October 3, 1902. Upon such refusal of the defendants the petitioner commenced this proceeding, and applied to the Special Term upon its petition and affidavit, and on an order to show cause, granted and served February 26, 1903, returnable March 2, 1903, for the order prayed for as above stated under section 12 of the railroad law. On the return of said order to show cause the defendants appeared, and filed numerous preliminary objections to the jurisdiction of the court and to the sufficiency of the papers as a foundation for the application. These preliminary objections were overruled. Defendants thereupon served answers raising numerous issues, and the court made an order of reference to a referee to hear and determine all the issues raised by these answers. The court also upon the same day upon these papers and a further affidavit granted an order to show cause why a temporary crossing should not be granted to the petitioner pursuant to chapter 239, p. 463, of the Laws of 1893, which order to show cause was made returnable on the 4th day of March, 1903. On that day the matter was adjourned to the 10th of March, 1903, when the court, after overruling preliminary objections again made to the jurisdiction of the court, granted the order pursuant to chapter 239, p. 463, Laws 1893, providing for a temporary crossing upon the petitioner's filing the bond provided for by the law. From that order this appeal is taken, and the appellants state in their notice of appeal that they intend to bring up for review all the intermediate orders.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Albert C. Tennant, for appellant Cooperstown & Charlotte Valley Railroad Co.

James W. Tucker, for appellant Cooperstown & Susquehanna Valley Railroad Company.

Arnold & Cooke, for respondent.

CHESTER, J. The position of the appellants that the court had no jurisdiction or power to grant the order for a temporary crossing is based, in substance, upon the claims, first, that at the time the order for such crossing was made no proceedings had been lawfully instituted or commenced for the appointment of commissioners to determine the compensation or the manner of crossing, and that the petition is insufficient to confer jurisdiction upon the court to appoint commissioners; second, that the determination of the Board of Railroad Commissioners as to the manner of crossing was a bar to the granting of the order for a temporary crossing; and, third, that section 12 of the railroad law and section 1 of chapter 239, p. 463, Laws 1893, under which the petitioner was trying to proceed, had both been repealed by the enactment of Laws 1897, p. 794, c. 754, which added section 68 to the railroad law, and provided in section 3 of such chapter for the repeal of all acts and parts of acts inconsistent therewith.

It is urged in support of the first contention that the statute re-
quires the proceeding to be commenced and conducted under the con-
demnation law, and that that law as found in section 3361 of the Code
of Civil Procedure provides that a copy of the petition and notice for
the appointment of commissioners must be served "at least eight
days prior to its presentation," and therefore that, the petition, ac-
companied by an order to show cause returnable in a less time, having
been used to institute the proceeding, it was not brought as required
by law. The answer to this, it seems to me, is that the proceeding is
not one commenced or required by law to be conducted under the
condemnation law. It is true that section 12 of the railroad law re-
quires that the commissioners should "be appointed by the court as
is provided in the condemnation law," but nowhere is it provided that
the proceeding should be commenced and conducted under such law,
and it has been expressly held that the condemnation law does not
govern the proceeding. Matter of Lockport & Buffalo R. R. Co.,
77 N. Y. 557. This proceeding, therefore, could have been com-
menced by the service upon the defendants of the petition and the
usual eight days' notice of the motion or application which it was pro-
posed to make to the court, and instead of such notice of motion the
court or justice had the power, under section 780 of the Code of Civil
Procedure, upon an affidavit showing grounds therefor, to make an
order to show cause, returnable in less than eight days. The orders to
show cause in this case were each based upon sufficient affidavits show-
ing the grounds and the necessity for a less time for the hearing than
would be required by giving the usual notice of motion, and were each,
I think, properly granted. The case last cited is also an authority
that the petition need not state the matters required by the condemna-
tion law in a proceeding to acquire title to lands. Judge Earl, in writ-
ing the unanimous opinion of the Court of Appeals in that case, says
(at page 561):

"What, then, must the petition state? Obviously that the petitioner is a
corporation, that the route of its road as laid down by it crosses the other
road, and that it desires to cross or intersect such road, specifying the place,
and that the two corporations 'cannot agree upon the amount of compensa-
tion to be made therefor, or the points and manner of such crossings and con-
nections.'"

In Matter of Saratoga Electric Ry. Co., 58 Hun, 287, 12 N. Y. Supp.
318, it was held that because of an amendment to the law (Laws 1884,
p. 309, c. 252) it was also essential to allege in the petition that the
requisite consents of property owners and municipal authorities to
the construction of the road had been procured. In the case at bar
it is alleged in the petition not only that the petitioner had received
such consents, but that its road was actually in operation on both sides
and up to the point of intersection with defendants' road. In addi-
tion to this, all the facts mentioned in the above quotation from Judge
Earl's opinion are alleged. The petition is clearly sufficient to confer
jurisdiction.

The decision of the Board of Railroad Commissioners under sec-
tion 68 of the railroad law does not, in my opinion, serve as a bar
to the application for the order for the temporary crossing. That de-

cision related to a permanent crossing, and as to whether such cross-ing should be above, below, or at grade, and to the expense thereof. It determined that such permanent crossing should be at grade, and that the relator should bear the entire expense of the construction and maintenance of it.    Section 68 gives to such board authority to deter-mine those questions, and those only.    For these reasons the de-cision is not a bar to the granting of the order for the provisional or temporary crossing.    So far as the provisions of chapter 239, p. 463, of the Laws of 1893, and of section 12 of the railroad law are not in-consistent with section 68 of the railroad law, they remain in full force, for the reason that the repealing clause contained in Laws 1897, p. 794, c. 754, which added section 68 to the railroad law, was only of "all acts and parts of acts inconsistent with this act."    Id. § 3.

The Appellate Division in the Fourth Department has recently de-cided that section 1, c. 239, p. 463, of the Laws 1893, was not incon-sistent with chapter 754, p. 794, of the Laws of 1897, as amended by chapter 739, p. 1590, of the Laws of 1900 (section 68, Railroad Law), and therefore was not repealed by it, and we agree with that con-clusion.    Olean Street Railroad Co. v. Penn. R. R. Co., 75 App. Div. 412, 78 N. Y. Supp. 113.    Neither is section 12 of the railroad law, so far as the petitioner has sought relief under it—that is, so far as it au-thorizes the appointment of commissioners by the court to determine the amount of compensation to be made by one road for intersecting another, and the manner of such intersection—at all inconsistent with section 68 of that law and therefore can stand with it.    The petitioner, therefore, had the right to invoke the aid of both these laws in this proceeding.

I think, for the reasons already given, that the court had the juris-diction and power to make the order appealed from.    More than this, I think such order was right under the circumstances appearing here. The petitioner had the right under the law to have its road cross and intersect that of the defendants.    Railroad Law, § 4, subd. 5.    After the Board of Railroad Commissioners had determined that such crossing should be at grade, and the petitioner had attempted to agree with the defendants upon the grades, points, and manner of the inter-section and the amount of compensation to be made therefor, and the defendants had refused to allow the petitioner to proceed under the decision of such board, the petitioner had, of necessity, if it was not to be defeated entirely in its efforts to secure such crossing, to apply to the Special Term, as it did, under section 12 of the railroad law, for the appointment of commissioners to determine said matters, con-cerning which it was unable to agree with the defendants.    When, on such application coming on, the defendants served answers denying the right of the petitioner to any crossing, and raising issues concern-ing most of the matters alleged in the petition, the petitioner, in or-der to avoid the delay incident to the trial of the issues thus raised, was justified in resorting to the court for permission to make a tempo-rary crossing under section 1, p. 463, c. 239, Laws 1893.    Olean St. R. Co. v. Penn. R. R. Co., 75 App. Div. 412, 78 N. Y. Supp. 113. That section provides for relief in just such a case as this, and the purpose of the statute in permitting an application for a temporary

crossing was evidently to enable a street railroad company to avoid the delay in laying its tracks which otherwise would result from awaiting the trial of issues so raised. Geneva & W. R. Co. v. N. Y. C. & H. R. R. Co., 90 Hun, 9, 35 N. Y. Supp. 339.

The criticism made by the appellants upon the order granting the temporary crossing, that by it such crossing is permitted without compliance with some of the conditions imposed by the determination of the State Board of Railroad Commissioners for the permanent crossing at grade, has no force in view of the fact that the Special Term required the bond given by the petitioners before granting the temporary crossing to be conditioned upon full and faithful performance by the petitioner of all conditions which may be imposed upon it by such board pursuant to section 68 of the railroad law.

It appears that after the answers had been served, and after the granting, but before the return, of the order to show cause why a temporary crossing should not be permitted, the defendants, through their attorneys,. consented in writing that the engineer of the Board of Railroad Commissioners, or any engineer it may designate, "shall determine the point of crossing by said plaintiff at Chestnut street, such consent to be without prejudice to any of the other questions raised or presented upon either of the applications herein." The purpose of this carefully guarded consent, coming so late and at the time it did, was undoubtedly to influence the court favorably towards the defendants' position; but it is not apparent how it could facilitate in any way the early consummation of the petitioner's right to a crossing, in view of the fact that all the issues raised by the answers, including that raised by the defendants' denial of petitioner's right to cross their track at all, remained to be tried. The court was right in not permitting this consent to stand in the way of granting the order for the temporary crossing.

The appeal here not being from a final order in a special proceeding, the specification in the notice of appeal of an intention to bring up the intermediate orders for review is not effective for that purpose. Code Civ. Proc. §§ 1301, 1358.

What has been said concerning the orders to show cause was made necessary by the alleged want of jurisdiction in the court to make the order appealed from.

The order should be affirmed, with $10 costs and printing disbursements. All concur.