indicated upon the margin of the proposed findings of fact and conclusions of law submitted by the respective parties.

Submit for signature an engrossed copy of the decision, with proof of service.

<hr>

(54 Misc. 275)

## LAKE SHORE & M. S. RY. CO. v. CHAUTAUQUA TRACTION CO.

(Supreme Court, Special Term, Erie County. May, 1907.)

STREET RAILROADS—CONSTRUCTION OF TRACKS ACROSS RAILROAD BRIDGE—STATUTES.

A street railway company cannot lay its tracks on an overhead railroad bridge built by a steam railroad company across its tracks in a street, without either agreeing with the steam railroad company on the amount of compensation to be paid and on the question of the location of the tracks, or having the same determined by commissioners in accordance with Railroad Law, Laws 1890, p. 1087, c. 565, § 12, notwithstanding Laws 1897, p. 794, c. 754, vesting the determination of the manner in which crossings shall be made, whether above, below, or at grade, in the state board of railroad commissioners.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 114.]

Action by the Lake Shore & Michigan Southern Railway Company against the Chautauqua Traction Company. Heard on motion to dissolve a temporary injunction restraining defendant from laying tracks on a bridge. Denied.

J. B. Fisher, for the motion.
Maurice Spratt and Thomas D. Powell, opposed.

POUND, J. Plaintiff owns and operates a steam railroad across Portage street, in the village of Westfield. In the year 1905 it caused the traveled portion of Portage street to be carried over its tracks and right of way by an overhead bridge, which took the place of another bridge which had been constructed for the same purpose by the plaintiff railroad company some years before. The defendant is a street railroad company, with an established line upon maps intersecting the railroad of the plaintiff on North Portage street. Defendant intends to lay its tracks across said bridge without the consent of the plaintiff, and without having applied to the court for the right to cross, or for the appointment of commissioners to fix the point of crossing, or compensation to be paid under section 12 of the railroad law. Laws 1890, p. 1087, c. 565.

The question is whether the defendant, under a franchise from the Village of Westfield and an order from the state railroad commission, has the right to cross the tracks of the plaintiff on the bridge without having the point at which the crossing shall be made and the compensation which shall be made therefor by the defendant determined by commissioners appointed by the Supreme Court. I am of the opinion that, before laying its tracks across said bridge, the defendant must either agree with the plaintiff upon the amount of compensation to be paid for the requisite facilities and upon the point of such intersection, or, if the two corporations cannot agree, have the same ascertained and

determined by commissioners in accordance with the provisions of section 12 of the railroad law, which reads as follows:

"Every railroad corporation, whose road is or shall be intersected by any new railroad, shall unite with the corporation owning such new railroad in forming the necessary intersections and connections, and grant the requisite facilities therefor. If the two corporations cannot agree upon the amount of compensation to be made therefor, or upon the line or lines, grade or grades, points or manner of such intersections and connections, the same shall be ascertained and determined by commissioners, one of whom must be a practical civil engineer and surveyor, to be appointed by the court, as is provided in the condemnation law."

By chapter 754, p. 794, Laws 1897, the determination of the manner in which the crossing shall be made—i. e., whether above, below, or at grade—is vested exclusively in the state board of railroad commissioners; but the provisions of said section 12 remain in full effect as to the determination by court commissioners of point of crossing and compensation. The ordinary and natural course of procedure in such a case is held to be as above stated in the case of Olean Street Railway Company v. Pennsylvania Railroad Company, 75 App. Div. 412, 78 N. Y. Supp. 113. I fail to see how this case differs in any respect from that case, except that in that case the tracks of the steam railroad were laid upon the surface of the street, and therefore, under chapter 239, p. 463, of the Laws of 1893, which applies only to railroad crossings where the railroad to be crossed is laid on the surface of the street, provision was made for application to the court for the establishment of a temporary crossing pending the determination of the point and manner of permanent crossing and the compensation to be paid therefor. No provision being made by law for the establishment of a temporary crossing when the tracks of the steam railroad, as in this case, are not on the surface of the street, it would follow that the defendant cannot cross the plaintiff's tracks on said bridge temporarily under an order of the court fixing terms as to security, etc.

Motion denied.