In the Matter of the Application of the ERIE RAILROAD
COMPANY, Appellant, for a Determination as to Its
Railroad Crossing a Highway in the TOWN of HINS-
DALE, Respondent.

Railroads — elimination of grade crossings — when determination
of public service commission as to practicability thereof is
conclusive — expense of construction of new and additional
track to avoid grade crossing which also eliminates existing
grade crossing — when such expense must be apportioned
between the two purposes.

1. Section 60 of the Railroad Law (now Cons. Laws, ch. 49, § 89)
provided at the time of the commencement of this proceeding that
" All steam surface railroads hereafter built, except additional
switches and sidings, must be so constructed as to avoid all public
crossings at grade, whenever practicable so to do." Under the pro-
visions of this section the determination by the public service
commission, unanimously affirmed by the Appellate Division, that
it is "practicable" to avoid a crossing of the highway at grade by
a new track by the construction of a subway is in this case conclu-
sive on the railroad company.

2. Section 62 of the Railroad Law (now § 91) and following sections
provide for a hearing on an application for alteration in the manner
of crossing by an existing railroad track and the determination by
the public service commission of the method to be used in the
elimination of the crossing and for an apportionment of the expense
thereof as between the railroad company, the municipality and the
state. Hence the expense of a construction for avoiding a grade
crossing by a new track which is necessarily connected with and
results in the elimination of an existing grade crossing should be
divided between the two purposes thus accomplished and properly
apportioned so far as the latter feature is concerned.

*Matter of Erie Railroad Co.*, 151 App. Div. 900, reversed.

(Argued April 21, 1913; decided June 3, 1913.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
May 22, 1912, which affirmed an order of the public
service commission for the second district requiring the

petitioner to construct a subway under its tracks in the town of Hinsdale for the purpose of avoiding a highway crossing at grade.

The facts, so far as material, are stated in the opinion.

*Thomas H. Dowd* for appellant. The supplementary petition filed herein, the order of the commission and the facts proved upon the hearing raise the question as to whether section 89 of the Railroad Law applies to this case. Said section is not applicable because it is not proposed to construct a new railroad but to build a new track about twelve feet south of the original right of way of the company. (*L. & N. R. R. Co.* v. *Mottley,* 211 U. S. 149; *People ex rel. Colesville* v. *D. & H. Co.,* 177 N. Y. 337.)

*Dana L. Jewell* for respondent. The additional main track was a railroad within the meaning of section 89 of the Railroad Law. (*Vil. of Bolivar* v. *P. S. & N. R. R. Co.,* 88 App. Div. 387; 179 N. Y. 523; *People ex rel. Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.,* 158 · N. Y. 410; *N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo,* 128 App. Div. 373; *Matter of Town Board, Town of Royalton,* 138 App. Div. 412; *People ex rel.* v. *N. Y. C. & H. R. R. R. Co.,* 164 N. Y. 289.) It makes no difference that the elimination of the grade crossing of the new track incidentally eliminates that over the old track. (*Matter of N. Y. C. & H. R. R. R. Co.,* 200 N. Y. 121; 136 App. Div. 756.)

HISCOCK, J. The appellant, the Erie Railroad Company, was the owner and engaged in the operation of a single-track steam railroad crossing at grade a certain public highway in the town of Hinsdale, Cattaraugus county. As part of an extensive plan for improving its construction and facilities, and thereby affording better accommodations and greater safety to the public, it pro-

posed to move a little its existing track at said crossing, and also to lay a second track across the highway at that point. These improvements involved laying the new track in part upon a right of way south of that originally owned and operated by the appellant. The respondent forthwith instituted suit and obtained an injunction holding up the construction of said proposed new track, and as a condition of the vacation of said injunction, appellant through its attorneys entered into a stipulation reciting that appellant had obtained an order under section 21 of the Railroad Law authorizing the crossing of the highway in question by its tracks subject to determination of the manner of crossing by the public service commission, and had made application to such commission for determination as to the manner of making such crossing and agreeing that it would diligently prosecute said application to decision, and thereafter on petition made by it this proceeding was prosecuted before said commission for the purpose of having determined " the manner of crossing said highway and that permission be granted (your) petitioner to cross said highway at grade  *  *  *  together with such other or further determination or relief, if any, as may be required by law or to which (this) petitioner may be entitled."

On the hearing before said commission it appeared that the highway at said crossing was comparatively little used. During several days of what seems to have been the season of greatest travel the average daily number of vehicles and pedestrians crossing it was respectively eighteen and thirty. During a period of slacker travel, December 6, 1910 to January 6, 1911, the daily average of pedestrians and wagons was respectively about fourteen and six, and no automobiles crossed it, and frequently the number of vehicles crossing in a day did not exceed four. The average number of trains passing over it was between ten and eleven each way. But after

hearing considerable evidence and upon the unremitting insistance of the respondent, the commission ordered the appellant to construct a subway for the highway, which necessarily will run under its existing as well as the new track, and which it is estimated will cost somewhere between $15,000 and $24,000. It is quite apparent, however, from the record that the commission reached this decision, not because of any great approval on the merits of the attempt of the town to thus heavily burden the appellant in providing for an unfrequented crossing, but because it felt that it was compelled to make such order under the provisions of section 60 (now 89) of the Railroad Law, since it was physically "practicable" thereby to avoid a grade crossing, and thus we are brought to the consideration of the various statutory provisions regulating the subject of crossings of highways by steam railroads.

Said section 60 of the Railroad Law (now Cons. Laws, ch. 49, § 89) provided at the time of this proceeding that "All steam surface railroads hereafter built, except additional switches and sidings, must be so constructed as to avoid all public crossings at grade, whenever practicable so to do." The statute also provided that the expense of making such crossing should be entirely borne by the railroad company. It is clear that the new track to be constructed by the appellant is not a switch or siding, and, therefore, its construction comes within the provision quoted, unless said statute related only to construction by railroads organized after the statute was passed and which proposition I regard as overruled in *Village of Bolivar* v. *Pittsburg, S. & N. R. R. Co.* (88 App. Div. 387; affd. on opinion below, 179 N. Y. 523).

The determination by the public service commission, unanimously affirmed by the Appellate Division, that it is "practicable" to avoid a crossing of the highway at grade by said new track by the construction of a subway, conclusively disposes of this question.

I think, however, that the determination was infected with error in another respect.

Section 62 of the Railroad Law (now section 91) provided: "The mayor and common council of any city, the president and trustees of any village, the town board of any town within which a street, avenue or highway crosses or is crossed by a steam surface railroad at grade, or any steam surface railroad company, whose road crosses or is crossed by a street, avenue or highway at grade, may bring their petition, in writing, to the public service commission, therein alleging that public safety requires an alteration in the manner of such crossing, its approaches, the method of crossing, the location of the highway or crossing   *   *   *   and praying that the same may be ordered." Said section and following ones provide for a hearing on said application and the determination by the public service commission of the method to be used in the elimination of said crossing and for an apportionment of the expense thereof as between the railroad company, the municipality and the state. The sections thus relating to the elimination of an existing railroad crossing were applicable to the situation presented by the crossing at grade of the highway by the appellant's original track and under them the expense of such an operation was in part chargeable against others than the appellant.

The subway which has been ordered for the purpose of avoiding a crossing at grade by the new track will be carried under the old track and thus eliminate the existing crossing, but it is proposed to charge its entire cost upon the railroad company. We believe that this is an unjust and unjustifiable result and that inasmuch as the subway will in fact operate as an avoidance and elimination of grade crossings both by the new and the existing track, there is no reason why the operation should not be considered in the light of both objects thus accomplished and the expense so far as it arises from the elimination

of the existing crossing be apportioned between the railroad company and others including the respondent as by the statute provided in such a case.

It may be urged that under the circumstances existing in this particular case, the avoidance of a crossing at grade by the new track through the construction of the subway necessarily involves the elimination of the existing grade crossing because the subway must be carried under both tracks and that, therefore, the expense thereof should be borne entirely by the railroad company in accordance with the provisions of section 60. While it may be necessary in this instance to make the construction as thus stated, it would not by any means always follow that such must be the result, for at times it certainly would be feasible to avoid a grade crossing by a new track through elevation thereof without interfering with or eliminating an existing crossing at grade. But, however this may be, we see no reason why equitably and properly the expense of a construction for avoiding a grade crossing by a new track which is necessarily connected with and results in the elimination of an existing grade crossing should not be divided between the two purposes thus accomplished and properly apportioned so far as the latter feature is concerned. If the question was presented from an opposite standpoint it would hardly be regarded as equitable that there should be included in the cost of eliminating a grade crossing and charged in part to the municipality the expense of avoiding a new crossing at grade simply because the construction necessary to accomplish the first purpose naturally involved the accomplishment of the second one. The consideration of this subject was somewhat involved in *Matter of N. Y. C. & H. R. R. R. Co.* (200 N. Y. 121).

I think that under the stipulation and the form of the petition presented by the appellant and by the occurrences on the hearing there was brought before the commission this question of the elimination of the existing

crossing and of the apportionment of expenses. But even if this is not so, I think that when it appeared that the avoidance of a grade crossing by the new track would necessarily involve the elimination of an existing crossing at grade, it became the duty of the commission to consider the subject in the light of both sections 60 and 62, with proper amendment of the proceedings if necessary, and to apportion the expenses as heretofore stated, and that its refusal and omission thus to do was error, which entitles appellant to a ·reversal of the determination which was made.

The orders appealed from, therefore, should be reversed and the application remitted to the public service commission for a new hearing, with costs to appellant in Appellate Division and in this court.

CULLEN, Ch. J., GRAY, WERNER, CUDDEBACK and MILLER, JJ., concur; COLLIN, J., not sitting.

Orders reversed, etc.