IN THE

# COURT OF APPEALS

OF THE

# STATE OF NEW YORK,

COMMENCING MARCH 22, 1921.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, *v.* THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, SECOND DISTRICT, et al., Respondents.

**Railroads — railroad commission — overhead highway crossing over railroad yards — commission had no authority to compel railroad company to maintain approaches to overhead crossing, after completion thereof.**

1. Where a railroad company, which desired to construct a railroad yard across a highway, obtained from the Supreme Court, pursuant to the statute (Railroad Law, § 21), the authority so to do, the railroad commission might thereafter determine only " the method of crossing " (Railroad Law, § 60, now § 89), and in determining that the method of crossing be by an overhead bridge over the railroad yard for the highway, it had no power either to impose conditions or to legislate as to the repair and maintenance of the bridge and the approaches thereto when constructed.

2. Where the railroad company has constructed the overhead bridge as directed by the railroad commission and properly restored to usefulness as part of the original. construction, the approaches and roadway leading to the bridge, the public service commission has no jurisdiction to order the railroad company to repair any part of such roadway and approaches which are outside the railroad property.

3. The railroad company having continuously objected to that part of the order of the railroad commission, authorizing the company to construct the overhead crossing, which imposed conditions as to the future maintenance and repair of the approaches to the bridge,

1

the company, when ordered by the public service commission to make repairs to the approaches, may be heard to assert that the part of the order, which imposed the conditions complained of, was in excess of the jurisdiction of the railroad commission and, therefore, void.  The fact that the company had gone ahead and constructed the crossing was no waiver of its rights if the order to maintain the approaches, when completed, was a nullity.

*People ex rel. N. Y. C. R. R. Co.* v. *Public Service Comm.*, 190 App. Div. 126, reversed.

(Argued March 4, 1921; decided March 22, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 9, 1919, which dismissed a writ of certiorari to review an order of the public service commission directing relator to repair the roadway and the approaches to a bridge over its railroad yards in the town of West Seneca.

*Maurice C. Spratt* and *H. W. Huntington* for appellant. The order of the board of railroad commissioners placing the entire burden of maintenance of the roadway and sidewalk and the overhead bridges and approaches upon the railroad was contrary to the express provisions of the statute, beyond the jurisdiction or power of the board and entirely void. (*Matter of Terminal Railway*, 192 N. Y. 534; 122 App. Div. 59; *Matter of N. Y. C. & H. R. R. R. Co.*, 200 N. Y. 121; *People ex rel. D. & H. Co.* v. *Stevens*, 134 App. Div. 99; *Pepole ex rel. N. Y. Steam Co.* v. *Straus*, 186 App. Div. 787; *Wright* v. *State*, 223 N. Y. 44.)  The relator is not estopped from asserting that the board of railroad commissioners was without jurisdiction to make the order. (*State of Rhode Island* v. *State of Mass.*, 12 Pet. 657; *Risley* v. *Phœnix Bank*, 83 N. Y. 337; *O'Donoghue* v. *Boies*, 159 N. Y. 87; *Matter of Walker*, 136 N. Y. 20; *Harrington* v. *City of New York*, 40 Misc. Rep. 165; *Beardslee* v. *Dolge*, 143 N. Y. 160.)

*Ledyard P. Hale* for respondent. Appellant had a choice in 1907 and again in 1909 to accept and act upon the order of the board of railroad commissioners or the order of the public service commission, or to appeal from it or from so much of it as imposed the cost of maintenance of roadways and sidewalks upon appellant. It chose the former; it is now, therefore, estopped to deny the conclusiveness of the requirement. (*B. & S. L. R. R. Co.* v. *Suprs. of Erie Co.*, 48 N. Y. 93, 105; *Stanley* v. *Suprs. of Albany*, 121 U. S. 535; *W. U. Tel. Co.* v. *Gottlieb*, 190 U. S. 412.) There was no error on the part of the board of railroad commissioners nor on the part of the public service commission either when it refused to modify the order of the board in respect to maintenance or in its order made July 30, 1918. (*Matter of Erie R. R. Co.*, 208 N. Y. 486; *People ex rel. Town of Colesville* v. *D. & H. Co.*, 177 N. Y. 337; R. R. Law, § 21; *Bush* v. *D., L. & W. R. R. Co.*, 166 N. Y. 210; *Allen* v. *Buffalo, R. & P. R. Co.*, 151 N. Y. 434; *People ex rel. Swift* v. *Luce*, 204 N. Y. 478; *B. & S. L. R. R. Co.* v. *Suprs. of Erie Co.*, 48 N. Y. 93.)

POUND, J. The question is whether the board of railroad commissioners in determining the manner of crossing Clinton street by the railroad yard herein mentioned might impose conditions as to the future maintenance and repair of the approaches to the bridge over the yard, not on the railroad property.

It is unnecessary to recite the details of the long history of the proceedings herein. Briefly, petitioner's predecessor, the Terminal Railway, desiring to construct, in addition to its double-track road on grade, extensive yards in the towns of Cheektowaga and West Seneca several miles in length and nearly half a mile in width, crossing certain highways, including Clinton street, in West Seneca by as many as one hundred and twenty tracks, which yard when completed was to be the largest in the

country, made application to the board of railroad commissioners to determine the manner in which the tracks should cross the highway. The Railroad Law (Cons. Laws, ch. 49) contained no express provisions dealing with the situation which exists when such a great yard is constructed across highways. It is something different from the construction of the railroad itself across the highway on grade (§ 21), in which case it is the duty of the railroad to restore the street " to its former state, or to such state as not to have unnecessarily impaired its usefulness " and construct and maintain a roadway across its tracks, and different from the mere crossing of a railroad by a highway by an overhead bridge (§ 93), in which case " the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated." The board of railroad commissioners made its order on April 30, 1907, determining that the Clinton street highway grade crossing be changed to an overhead bridge crossing and that the Terminal Railway of Buffalo should maintain the roadway and sidewalk on the overhead bridge and approaches thereto, irrespective of the provisions of section 64 (now § 93) of the Railroad Law. The railway paid all the expense of eliminating the grade crossing although a small part thereof for the expense of crossing the main tracks might perhaps have been charged to the town and the state to the extent of one-half the total expense incurred for that purpose. (*Matter of Erie R. R. Co.*, 208 N. Y. 486, 490–492.)

On the subsequent unsuccessful appeal of the towns from this order the courts sustained the general powers and jurisdiction of the board of railroad commissioners in the matter. (*Matter of Terminal Railway of Buffalo*, 122 App. Div. 59; 122 App. Div. 896; 192 N. Y. 534.) The railway did not appeal from any part of the order but sought unsuccessfully among other modifications to have the board of railroad commissioners, and thereafter the

public service commission, which had in 1907 succeeded that board, modify the original order by providing that the roadways and approaches be maintained pursuant to the statute governing the maintenance of highways in the towns, which is construed as referring to the provisions of section 64 (now § 93) of the Railroad Law.

The towns unsuccessfully sought a writ of prohibition to prevent the commission from acting on the second application. (*People ex rel. Town of West Seneca* v. *Pub. Service Com.*, 130 App. Div. 335; 195 N. Y. 562.) Thereafter the railway company proceeded with and completed the work which was on January 29, 1918, approved by the public service commission. On May 11, 1918, the town of West Seneca filed with the commission a complaint that the Clinton street roadway and approaches to the bridge were out of repair and that the railway company had refused to make the necessary repairs. On July 30, 1918, the New York Central railroad, having succeeded to the rights and duties of the Terminal Railway Company, was ordered by the public service commission to make the repairs, and the commission thereafter having denied an application for a rehearing, the relator herein sued out a writ of certiorari to review the determination. The Appellate Division dismissed the writ and the relator appealed to this court.

The relator and its predecessor have at all times consistently objected to that portion of the order which imposed upon the railway the duty of keeping the approaches to the bridge in repair, maintaining that the commission was without jurisdiction to make it, and has thus sought to reserve its right to test the question of jurisdiction until it should be called upon to make repairs as required by the order. If there is no tenable construction of the statute which authorized the state board of railroad commissioners to do what it attempted to do in this case the portion of its order now before us was in excess of its jurisdiction and void (*People ex rel.*

*N. Y. Central & Hudson R. R. R. Co.* v. *Public Service Commission,* 227 N. Y. 248, 261), but if it was error only, it should have been reviewed on appeal. The fact that the railroad went ahead and constructed the crossing was no waiver of its rights if the order itself was a nullity.

The decision must depend largely on whether the order complained of was a valid condition of a discretionary consent acted upon by the railroad or was the independent determination of a duty imposed on the railroad against its will. Plainly it was, on its face, an attempt on the part of the railroad commission to relieve the towns from the provisions of section 64 (now § 93) of the Railroad Law above quoted. But such provisions apply naturally only to the highway over a railroad in the common acceptance of the word, *i. e.,* a track or tracks formed by rails, over which trains pass from place to place, and could be properly applied to the situation before us only by the addition of language that the legislature has not seen fit to use in this connection, although it has in Public Service Commissions Law (Cons. Laws, ch. 48), section 2 (6), to include bridges over yards like the one under consideration, equipment, stations and terminal facilities.

The authority of the railroad company to construct tracks across the highway came not from the state board of railroad commissioners but from the Supreme Court. (Railroad Law, § 21.) The court doubtless had power to impose conditions upon its consent of the nature here indicated, to be accepted by the railroad if it would go on with the proposed plan. But the railroad commission might thereafter determine only " the *method* of crossing." (Railroad Law, § 60, now § 89.) In determining the method of crossing to be by an overhead bridge, it had no power either to impose conditions or to legislate as to the repair and maintenance of the bridge and the approaches thereto when constructed. The fair implication of the law is that when railroad yards are constructed

across a highway, whether the highway is carried over the yard on a bridge or on grade, the railway company shall bear the burden of maintaining the roadway on or over its property and also the burden of restoring the town highways to such state as not necessarily to impair their usefulness (Railroad Law, § 11, now § 21), but I find no authority for putting the burden on the railroad company of thereafter keeping in repair the town highway, outside the railroad property, and I find no statute which puts the burden on the town thereafter to maintain the bridge constructed by the railroad company or any part thereof.

While it is here alleged by the town of West Seneca that the approaches were improperly constructed, the determination of the public service commission is to the effect that the roadway is out of repair; that the railroad company built the bridge under the determination now complained of and is thereby bound to repair " the roadway and approaches of the bridge in question." So far as such roadway and approaches, having been once properly restored to usefulness as a part of the original construction, are outside the railroad property, the order was not, as we have indicated, a condition which the board of railroad commissioners had jurisdiction to impose over the objection of the railroad company as to the manner of crossing.

The order of the Appellate Division dismissing the writ of certiorari should, therefore, be reversed; the determination of the public service commission modified in accordance with opinion, and as modified affirmed, with costs in this court and in the Appellate Division.

CHASE, McLAUGHLIN and ANDREWS, JJ., concur; CARDOZO, J., concurs in result; HISCOCK, Ch. J., and CRANE, J., not sitting.

Ordered accordingly.