Section 93 of the Railroad Law (Cons. Laws, ch. 49) reads: "When a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad corporation, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated."
The Special Term judge before whom this hearing was had decided that this provision applied to all the six bridges over the railroad tracks of the Long Island railroad *Page 660 
and Pennsylvania railroad, including the main line tracks as well as those that ran parallel thereto for a long distance in the so-called railroad yard. The Appellate Division affirmed this decision, with one modification. It held that the provision did not apply to the bridge which crossed the tracks over which cars ran in the so-called railroad yard, but did not cross the main line tracks over which cars ran out upon the island.
I find no justification for this modification. Nothing in the Railroad Law that I can find confines section 93 to a bridge which necessarily crosses the main line tracks of a railroad. We know from previous records before this court that some of these railroad yards extend for miles, with tracks over which cars are run and shunted. The courts are not justified, in my opinion, in adding to or taking from this provision of the Railroad Law, and it should apply to all cases where, with the consent of the Public Service Commission and the municipality, bridges are necessarily constructed as highways over railroads, no matter how extensive or limited the railroad may be in operation. Any variation from this standard may be made by agreement between all parties concerned, but there has been no such agreement in this case.
The case of People ex rel. New York Central R.R. Co. v.Public Service Comm. (231 N.Y. 1) is not an authority to the contrary. The railroad in that case objected to that portion of the order of the Public Service Commission which imposed upon the railway the duty of keeping the approaches to the bridge in repair, maintaining that the Commission was without jurisdiction to make it. The court so held and this was all that was decided. There was nothing in section 93 (or its predecessor) of the Railroad Law which permitted the Public Service Commission to make such an order. Even Judge POUND in his opinion stated: "But the railroad commission might thereafter determine only `themethod of crossing.' (Railroad Law, § 60, now § 89.) In determining the method of crossing to be by an overhead bridge, it had no power either to *Page 661 
impose conditions or to legislate as to the repair and maintenance of the bridge and the approaches thereto when constructed" (p. 6). This was the decision of the court, and the court went no further. Judge POUND did go somewhat further in his opinion in a dictum regarding yards.
For these reasons I disapprove of the modification of the Appellate Division and favor the affirmance of the Special Term.